3 CIT / E-SERVE

FILED
6/29/2026 5:12 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

DC-26-12041

CASE NO. _____

| | | |
|---|---|---|
| MARK ERIC PATRICK AND DFW CHARITABLE FOUNDATION, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | 14th |
| v. | § § | ____ JUDICIAL DISTRICT |
| MATT GAETZ, HERRING NETWORKS INC. D/B/A ONE AMERICA NEWS NETWORK, AND LANCE GOODEN, | § § § § § | |
| *Defendants.* | § § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Mark Eric Patrick ("Mark Patrick" or "Patrick") and DFW Charitable Foundation ("DFW") (collectively "Plaintiffs"), file this Original Petition against Defendants Matt Gaetz ("Gaetz"), Herring Networks, Inc. d/b/a One America News Network ("OANN"), and Lance Gooden ("Gooden") (collectively "Defendants"), and respectfully show the Court and Jury the following:

## I.     DISCOVERY CONTROL PLAN

1. Discovery should be conducted under Level 3 pursuant to Texas Rules of Civil Procedure 190.4.

## II.     INTRODUCTION

2. This action is necessary because Defendants published and republished outrageous, false, and defamatory statements about Plaintiffs, which have caused, and

continue to cause, severe and substantial damage to Plaintiffs. Defendants' false statements, including accusations of criminal and fraudulent conduct, were first published during *The Matt Gaetz Show,* aired by OANN during a nationwide news broadcast in March 2026. This broadcast displayed Patrick's image and stated that Mark Patrick, from Dallas, Texas, is a "criminal," "fraudster" and "confidence man" who committed a "270-million-dollar fraud" and "created a fraudulent charity, has paid himself millions, has paid family and friends millions, and now we're asking where are these hundreds of millions of dollars?" Nothing could be further from the truth as demonstrated by public judicial rulings and filings available to, but ignored by, the Defendants, almost one month before they aired their defamatory broadcast. These public records and filings demonstrate that Patrick had taken steps to protect the $270 million in assets from the predatory actions of a third party. Yet OANN published outrageous, defamatory statements on multiple digital platforms, ignoring this exculpatory evidence and judicial findings, as did Defendant Gooden who also published these defamatory statements on his social media platforms.

3.      In truth, Mark Patrick is a law-abiding citizen and is the President and a Co-Director of DFW, a non-profit 501(c)(3) corporation. DFW has done, and continues to do, good works, providing financial support to worthy charitable causes throughout the country, including humanitarian programs involving veterans' welfare, women's shelters, public works, and education in underserved communities. Before Defendants'

defamatory statements and defamations *per se,* each Plaintiff enjoyed a good reputation. Now, their reputations and interests have been and continue to be severely damaged by Defendants' false, defamatory, and malicious statements.

### III.   PARTIES

4.     Mark Eric Patrick is an individual residing in Dallas, Dallas County, Texas.

5.     DFW is a 501(c)(3) non-profit corporation organized under the laws of Delaware.

6.     Matt Gaetz is a former United States Congressman from the State of Florida and maintains his principal residence in Florida. He may be served with process at 24 Bluewater Point Drive, Niceville, Florida 32578, or wherever he may be found.

7.     Herring Networks, Inc. does business as One America News Network, which is a for-profit cable news channel. OANN's principal place of business is in San Diego, California and Herring Networks, Inc. is also incorporated in California. OANN also maintains a news bureau located in Washington, D.C. and broadcasts from its studio located at 101 Constitution Avenue, NW, Washington, D.C. 20001. OANN may be served through its registered agent for service of process in California: Robert S. Herring, 4757 Morena Boulevard, San Diego, California 92117.

8.     Lance Gooden is a resident of Dallas County, Texas. He may be served with process at 374 Arbor Mill Court, Sunnyvale, Texas 75182, or wherever he may be found.

## IV.    JURISDICTION

9.    This Court has subject matter jurisdiction over this action because the actual damages Plaintiffs seek far exceed this Court's minimal jurisdictional requirements. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief well above $1,000,000.00.

10.    This Court has personal jurisdiction over Lance Gooden because he is a resident of Dallas County, Texas.

11.    This Court has specific, personal jurisdiction over Matt Gaetz and Herring Networks, Inc. because each does business in the State of Texas, pursuant to Tex. Civ. Prac. & Rem. Code §17.042, and, moreover, each defendant targeted Texas residents with their defamatory publications, thereby establishing minimum jurisdictional contacts with the State of Texas. Their defamatory statements targeted Texas and Texas residents by: 1) targeting Mark Patrick, a resident of Dallas, Texas, as the alleged perpetrator of a crime and fraud; 2) stating that Patrick "created a fraudulent charity [DFW], has paid himself millions, has paid family and friends millions and now we are asked where are these hundreds of millions of dollars"; and, 3) airing similar outrageous, false and defamatory statements by another Texas resident and public official, Texas congressman Lance Gooden. Plaintiffs' claims and causes of action directly relate to and arise out of these very substantial contacts with the State of Texas. In sum, publishing and disseminating in the State of Texas these despicable, false, and defamatory statements about a Texas

resident more than satisfies the Constitutional standards that subject Defendants to the jurisdiction of the courts of this State. OANN's broadcasts are also available to tens of millions of homes, including those in Dallas County, through national cable providers, subscription streaming services, and live on their apps and websites. OANN's national cable providers include AT&T U-verse DISH Network, and Verizon. OANN's subscription streaming services include YouTube TV, Amazon Prime Video, KlowdTV3 and Sling TV.

## V.    VENUE

12.    Pursuant to Sections 15.002 and 15.017 of the Texas Civil Practices & Remedies Code, venue is proper in Dallas County, Texas, because defamatory statements broadcasted by Gaetz and OANN were made by Lance Gooden, a resident of Dallas County, Texas, concerning Mark Patrick, a resident of Dallas County, Texas. Pursuant to Section 15.005, venue as to all Defendants is proper because the claims and causes of action asserted herein arise out of the same transaction, occurrence or series of transactions or occurrences.

## VI.    FACTUAL BACKGROUND

13.    On March 6, 2026, OANN aired a news program entitled *The Matt Gaetz Show* during which Matt Gaetz falsely defamed Mark Patrick by:

- ▪ Accusing Patrick of orchestrating a "270-million-dollar fraud," taking charitable assets, and enriching himself through fraudulent conduct;

- Describing Patrick as "a criminal," "fraudster," and "confidence man;" and

- Stating, "Just remember, it's bad enough when someone steals from a business or a private citizen, but this story is about charity funds, and in a time when we're worried about fraud hurting the vulnerable, it's not just the taxpayer who is always the victim. Sometimes good folks get taken advantage of by a confidence man."

14. None of these statements were true, and Defendants Gaetz and OANN published them with knowledge of their falsity or with reckless disregard for their truth or falsity.

15. During their defamatory broadcast, Gaetz and OANN also aired a pre-recorded interview with Defendant Lance Gooden. Thus, Gaetz and OANN had ample time to conduct a prudent investigation into the truth or falsity of Gooden's defamatory allegations against Patrick, but they chose not to do so. With knowledge of the falsity, or reckless disregard for the truth, Gaetz and OANN published Gooden's separate statements that were defamatory *per se*, including statements that:

- Mark Patrick had engaged in "perhaps the largest financial charity fraud in the history of this country" and that this "270-million-dollar fraud has existed for several years."

- "We've got military families and veterans that are missing out on charitable contributions that were promised to them."

- Mark Patrick had engaged in criminal activity and had "created a fraudulent charity" and "has paid family and friends millions."

- "What we've learned is that two-hundred-and-seventy-million-dollar fraud has existed for several years. There's a gentleman by the name of Mark Patrick in Dallas, Texas that has taken over this

charity. He was made a trustee, someone that the organizers of this charity trusted, and that people trusted, and he was supposed to oversee it. But instead, he's created a fraudulent charity, has paid himself millions, has paid family and friends millions, and now we're asking where are these hundreds of millions of dollars?"

16.     None of Gooden's statements were true, and Defendant Gooden published and Gaetz and OANN republished these defamatory statements knowing they were false or with reckless disregard for their truth or falsity. Furthermore, when Gooden falsely stated that Patrick "created a fraudulent charity," persons acquainted with Mark Patrick reasonably understood this falsehood to be explicitly of and concerning DFW.

17.     During *The Matt Gaetz Show*, in which Gaetz republished the defamatory interview with Lance Gooden, Gaetz made multiple references to judicially appointed "investigators" who had lodged fraud allegations against Mark Patrick in legal proceedings as a purported basis for his defamatory statements. Although Gaetz did not identify these legal proceedings by name, it is clear these references were to proceedings in the Grand Court of the Cayman Islands styled the "Official Liquidation of Charitable DAF HoldCo., Ltd.," FSD No 2525-116 (the "Cayman Proceeding"). However, Gaetz's references to these "allegations" provide no justification or colorable foundation for Defendants' false and defamatory statements. Instead, they afford just the opposite because they evidence that Defendants' false and defamatory statements were made with "actual malice," under the constitutional standard established by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). Both direct and circumstantial evidence will show that

Defendants' false and defamatory statements were made with "actual malice," including, but not limited to, the following:

- Defendants did not base their statements upon any conviction or judgment that a crime or fraud had occurred, because there is no judgment or conviction; and

- Defendants did not base their statements upon any conviction or judgment that Patrick "created a fraudulent charity," because he did not.

18.    Defendants' statements reflect a purposeful avoidance of the truth – before stating that a person has committed a crime or fraud, any prudent broadcaster would require proof of a conviction of a crime or judgment of fraud. Defendants' statements therefore reflect a purposeful and reckless decision either not to consult the actual record in the Cayman Proceedings or to purposefully and recklessly omit the record because the record contradicts Defendants' false and defamatory statements. Specifically, Matt Gaetz, OANN, and Lance Gooden knowingly concealed exculpatory findings in an official judgment issued by the Grand Court of the Cayman Islands on February 10, 2026, nearly a month before the defamatory broadcast aired. Defendants deliberately ignored the findings of the judicial officer presiding over the Cayman Proceedings who considered the evidence and then dismantled the factual basis of the "investigators" allegations upon which Defendants seek to justify their outrageous statements:

- Although the broadcast falsely stated that Patrick created a "fraudulent charity," the judicial officer considered evidence that the charitable structure was created to protect the DAF charitable structure from the "predations and the risks [a third person]

posed to its assets and charitable mission." The judicial officer was "unpersuaded that there is a real risk that [charitable] assets will be diminished or otherwise unlawfully dealt with" as alleged by the so-called "investigators;"

- Although the broadcast falsely stated that Patrick stole $270 million, the judicial officer stated that he was "unpersuaded … that the [buyouts] undertaken were at an undervalue" as alleged by these so-called "investigators;" and that there was "no seriously arguable case" that the assets in question were even "owned legally or beneficially" by the liquidating company pushing the allegations; and

- Although the broadcast falsely stated that Patrick fraudulently enriched himself, the judicial officer concluded there "is no serious issue to be tried" concerning Mr. Patrick's compensation as alleged by the so-called "investigators," and that his compensation was commercially reasonable.

19.    Because Defendant Gooden's interview was pre-recorded, Gaetz and OANN had absolute editorial control and they possessed ample time to verify Gooden's accusations against the public judicial docket, which would have immediately revealed the February 2026 exculpatory findings. Their deliberate decision to air the tape while omitting the truth constitutes a purposeful avoidance of the truth.

20.    Defendants also recklessly focused on the "investigators'" allegations *only*, and omitted any reference to the evidence presented by Patrick's lawyers in response to those allegations in the Cayman Proceedings, which was considered and ultimately found persuasive to the Grand Court. This further confirms that Defendants were not searching for the truth, but purposefully avoided the truth.

21.    Defendants' defamatory statements have caused Mark Patrick great damage to his reputation, mental anguish, and emotional distress. Likewise, Defendants' defamatory statements have severely damaged DFW's reputation and interfered with its charitable mission.

22.    Mark Patrick's mental anguish has been further aggravated by a recent incident that Patrick associates with the Defendants' incendiary statements calculated to make people hate and despise Patrick. By falsely and recklessly branding Patrick, a private citizen, as a '$270 million criminal' on a national broadcast, displaying Patrick's image and identifying where he lived, Defendants foreseeably endangered Mr. Patrick's safety. In this context, Patrick initiated a complaint with the relevant law enforcement authorities to investigate the intentional tampering of his personal vehicle in a manner that would cause an immediate threat to his personal safety and the safety of his loved ones.

23.    OANN broadcast Gaetz's and Gooden's defamatory statements to a nationwide audience which included tens of millions of homes with access to the network, including numerous households in Dallas County, Texas, where Mark Patrick resides. OANN also published these defamatory statements on multiple digital platforms, including OANN.com, Rumble, Castro.fm, Apple Podcasts, Pocketcasts.com, Overcast.fm, and subscription streaming services YouTube TV, Amazon Prime Video,

KlowdTV3, and Sling TV. Gooden also personally published these defamatory statements on Facebook, X, and Instagram.

24.     As discussed above, when Defendants published their false and defamatory statements against Patrick and DFW, they possessed no judgment from any court adjudicating Patrick or DFW guilty of any crime or fraud. That is so because there is no such judgment. Accordingly, when Defendants published their defamatory statements against Patrick and DFW on March 6, 2026, falsely stating that Patrick had committed a crime and fraud, Defendants knew their statements were false, defamatory, and calculated to cause, and would continue to cause, substantial and severe damage to Patrick and DFW. Yet, despite such knowledge, after publishing their false and defamatory statements, and although requested to do so, Defendants have not issued a public apology, retraction, or correction of their false and defamatory statements. Thus, exemplary damages are warranted against Defendants not only for the original publication of the false and defamatory statements on March 6, 2026, but also for each day thereafter that Defendants have permitted their defamatory statements to stand without Defendants' issuance of a full and complete public apology, retraction, and correction fully exonerating Plaintiffs of any purported wrongdoing.

## VII.   CAUSES OF ACTION

### Count One – Defamation and Defamation *Per Se*

25.     Each of the foregoing paragraphs are incorporated herein for all purposes.

26.    Mark Patrick is a private individual and is neither a public official nor a public figure.

27.    DFW is a non-profit entity registered in the State of Delaware and is not a public figure.

28.    The subject matter of Defendants' false and defamatory statements was not a matter of public concern, in that the American public was neither discussing the subject matter of the Cayman Proceeding nor likely to feel the impact of its resolution.

29.    Defendants' publications and republications were false and defamatory, both in the particular facts and in their main point, essence or gist and the context in which they were made.

30.    Defendants' publications and republications directly used Mark Patrick's image and identified that he was a resident of Dallas, Texas, in connection with the defamatory comments.

31.    Defendants' defamatory publications were designed to harm Plaintiffs' reputations and subject the Plaintiffs to public contempt, disgrace, ridicule, or attack.

32.    Defendants acted with actual malice. Their defamatory statements were knowingly false or were made with reckless disregard for the truth or falsity of the statements at the time the statements were made.

33.    Defendants' defamatory statements were not privileged. Matt Gaetz and OANN have no privilege because they failed to provide a fair, true, and impartial account

of a judicial proceeding. Lance Gooden does not enjoy any privilege because his statements were made outside of the House chambers.

34.     Defendants' defamatory statements constitute defamation *per se*. The defamatory publications falsely accuse Mark Patrick of being a "criminal" and "fraudster." False implications of criminal conduct are classic examples of defamation *per se*.

35.     Defendants published and republished defamatory statements to an enormous nationwide audience causing significant damages to Plaintiffs. Matt Gaetz and OANN also failed to use due care to prevent the publication and republication of defamatory utterances in its broadcast. Defendants' defamatory publications and republications have substantially injured Mark Patrick, causing substantial injury to his reputation, subjecting him to public and private hatred, contempt, ridicule, and harassment, and causing him substantial mental anguish and emotional distress. Likewise, Defendants' defamatory publications and republications have substantially injured DFW's reputation and ability to carry out its charitable mission.

36.     Defendants' defamatory publications have and will continue to cause substantial harm and injury to Mr. Patrick and DFW and substantial damages in an amount to be proven at trial.

## VIII.  DAMAGES

37.     Each of the foregoing paragraphs are incorporated herein for all purposes.

38.     Defendants' defamatory statements have proximately caused Plaintiffs to suffer actual damages, in the past and in the future, including general and special damages.

39.     Defendants' publications and republications of the defamatory statements caused Mr. Patrick to suffer shame, embarrassment, humiliation, and severe mental pain and anguish. The good name and reputation of Mr. Patrick and DFW have been seriously injured and will be seriously injured in the future and they will be subjected to hatred, contempt, and ridicule.

40.     Plaintiffs are entitled to a judgment and award clearing their good names and reputations.

## IX.    PUNITIVE DAMAGES

41.     Pursuant to Chapter 73 of the Texas Civil Practices and Remedies Code, Plaintiffs timely served written demands for retraction and correction upon all Defendants, explicitly providing them with exculpatory judicial findings. But Defendants failed and/or refused to issue appropriate retractions, further demonstrating ongoing actual malice entitling Plaintiffs to exemplary damages.

42.     Plaintiffs are entitled to exemplary damages in the maximum amount allowed by the Texas because the Defendants acted with malice. Defendants' conduct, when viewed objectively from their standpoint at the time, involved an extreme degree of risk considering the probability and magnitude of the potential harm. Defendants had

actual, subjective awareness of the extreme risks of their conduct, but nevertheless proceeded with a conscious indifference to the rights, safety, and welfare of the Plaintiffs.

## X.    CONDITIONS PRECEDENT

43.    Plaintiffs have fully satisfied or discharged all conditions precedent to recovery of both actual damages and punitive damages by seeking, without limitation, retraction, correction, clarification of the defamatory statements, or such conditions have been waived.

## XI.    PREJUDGMENT AND POST JUDGMENT INTEREST

44.    Plaintiffs are also entitled to recover lawful prejudgment and post judgment interest in the maximum amount allowed by law.

## XII.    JURY DEMAND

45.    Plaintiffs demand a trial by jury on all triable issues of fact.

## XIII.    PRAYER

**WHEREFORE PREMISES CONSIDERED** Plaintiffs, Mark Eric Patrick and DFW Charitable Foundation respectfully request that Defendants be cited to answer and appear, and that upon final trial, Plaintiffs recover actual damages, as specified above, and exemplary damages, as well as prejudgment and post-judgment interest at the highest rate permitted by law, and all other and further relief, at law and in equity, general and special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire
Texas Bar No. 13590100
smcentire@pmmlaw.com
Jeffrey R. Parsons
Texas Bar No. 15547200
jparsons@pmmlaw.com
Ian B. Salzer
Texas Bar No. 24110325
isalzer@pmmlaw.com
**PARSONS MCENTIRE MCCLEARY PLLC**
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

**ATTORNEYS FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katherine Jones on behalf of Ian Salzer
Bar No. 24110325
katherine@pmmlaw.com
Envelope ID: 116741615
Filing Code Description: Original Petition
Filing Description:
Status as of 7/2/2026 10:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ian BSalzer | | isalzer@pmmlaw.com | 6/29/2026 5:12:26 PM | SENT |
| Sawnie A.McEntire | | smcentire@pmmlaw.com | 6/29/2026 5:12:26 PM | SENT |
| Jeffrey R.Parsons | | jparsons@pmmlaw.com | 6/29/2026 5:12:26 PM | SENT |
| Katherine Jones | | Katherine@pmmlaw.com | 6/29/2026 5:12:26 PM | SENT |
| Danielle E.Ball | | dball@pmmlaw.com | 6/29/2026 5:12:26 PM | SENT |